IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LATCHMIE TOOLASPRASHAD,

             Plaintiff,

    v.                                        11-CV-0922Sc

IMMIGRATION & CUSTOMS ENFORCEMENT,

             Defendant.
_____

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT FOR LACK
OF JURISDICTION AND FAILURE TO STATE A CLAIM**

**PRELIMINARY STATEMENT**

Defendant United States Immigration and Customs Enforcement("ICE") submits the following Memorandum of Law in support of its motion to dismiss the pro se complaint filed by Latchmie Toolasprashad ("Toolasprashad"), an alien who is currently subject to immigration removal proceedings and who claims that ICE has failed to respond to a request for immigration records under the Freedom of Information Act ("FOIA"). See Complaint (Dkt. No. 1) and Order (Dkt. No. 4). Defendant's motion seeks dismissal of the Complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), for lack of jurisdiction and failure to state a claim upon which relief may be granted. In further support of its motion, defendant files along with this memorandum, the Declaration of Ryan Law executed on July 10, 2012, with its attachments, and the Declaration of Jill A.

Eggleston, executed on July 3, 2012, with its attachments. Because defendant is presenting the Court with materials outside the pleadings, defendant also moves in the alternative, pursuant to Rules 12(d) and 56 of the Fed. R. Civ. P., for summary judgment in its favor.

Plaintiff Toolasprashad has filed the instant complaint alleging failures by ICE and by the United States Customs and Immigration Service ("USCIS"), National Records Center ("NRC")[1] to respond to requests that he purportedly made to each agency under FOIA. Toolasprashad's complaint which names only ICE as a defendant shows on its face that no proper FOIA request was made to ICE. Complaint, ¶ 8(stating that "NRC is the processing center for such records"). Furthermore, the letter request that Toolasprashad submitted to ICE asked that any records disclosed in response to the letter be sent to Attorney Kurt Saccone. Attorney Saccone made a separate FOIA request for records pertaining to Toolasprashad, which request included a consent form signed by Toolasprashad and which was sent to the NRC, at the published address for making such

---

[1] The NRC is a division of USCIS, which is the custodian of the Alien File ("A-file"), and is charged with responding to requests for A-file documents under FOIA, 5 U.S.C. § 552 et seq. and the Privacy Act, 5 U.S.C. § 552a et seq. See Privacy Act of 1974, 76 Fed. Reg. 34,233- 34,236 (June 13, 2011).

requests for records pertaining to aliens.  In response to that FOIA request, the NRC disclosed more than 1500 pages of immigration file documents pertaining to Toolasprashad to Attorney Saccone.

Because Toolasprashad failed to comply with statutory requirements for making a FOIA request, the Court lacks jurisdiction over his claim against ICE due to his lack of standing and failure to exhaust administrative remedies.  Because the NRC is not a party to this action, the Court also lacks jurisdiction over any claim asserted against the NRC.  Further, because Toolasprashad failed to comply with the requirements for making a FOIA claim, he fails to state a claim upon which relief can be granted.  Thus, even if the Court finds that there is jurisdiction to review Toolasprashad's claims, the Complaint must be dismissed for failure to state a claim.

Moreover, the claim asserted in the Complaint has been rendered moot by disclosure of the requested records to Toolasprashad's attorney, Kurt Saccone, who is the very person to whom Toolasprashad's defective letter sought disclosure.

For the reasons set forth herein, Toolasprashad's Complaint should be dismissed in its entirety, or alternatively, judgment should be granted to defendant.

**RELEVANT FACTS**

The facts upon which defendant relies for this motion are set forth in the Declaration of Ryan Law and the Declaration of Jill A. Eggleston, which are filed herewith and incorporated herein by reference. Defendant also relies on the facts alleged in the Complaint. The following is a summary of the salient facts:

The Complaint alleges that on June 23, 2011, plaintiff Toolasprashad submitted a letter addressed to "Department of Homeland Security, Immigration & Customs Enforcement, 4250 Federal Drive, Batavia NY 14020", to "government counsel" during removal proceeding held before the Immigration Court. See Complaint, ¶ 1-2 and at Exhibit 1. Toolasprashad's letter asked that a copy of his immigration file, all documents pertaining to him, including documents ICE proposed to use in prosecuting removal proceedings against Toolasprashad, be released to Kurt Saccone, Attorney at Law. Id. While plaintiff's June 23, 2011 letter stated that it was a request pursuant to the FOIA, the letter failed to comply with requirements of FOIA to constitute a proper FOIA request. See Declaration of Ryan Law, dated July 10, 2012 ("Law Decl."), ¶ 5. Pursuant to Department of Homeland Security ("DHS") regulations, FOIA and Privacy Act requests are to be directed to ICE as specified under 6 C.F.R. § 5.1 et seq., either to ICE specifically

or to DHS. <u>Id.</u> [2] A proper FOIA request must be in compliance with the agency regulations which require requests be directed to the agency at a specified address. <u>Id.</u>

Subsequently, Toolasprashad's attorney, Kurt Saccone, sent a FOIA request, dated August 5, 2011, on a Form G-639, to United States Citizenship and Immigration Services ("USCIS"), National Records Center ("NRC") in Lee's Summit, Missouri, seeking immigration records pertaining to Toolasprashad. Declaration of Jill Eggleston, dated July 6, 2012 ("Eggleston Decl."), ¶ 7. The

---

[2] The DHS regulations provide in pertinent part as follows:
(a) How made and addressed. You may make a request for records of the Department by writing directly to the Department component that maintains those records. . . . Your request should be sent to the component's FOIA office at the address listed in appendix A to part 5. In most cases, your FOIA request should be sent to a component's central FOIA office. (The functions of each component are summarized elsewhere in this title and in the description of the Department and its components in the "United States Government Manual," which is issued annually and is available in most libraries, as well as for sale from the Government Printing Office's Superintendent of Documents. This manual also can be accessed electronically at the Government Printing Office's World Wide Web site (which can be found at http://www.access.gpo.gov/su_docs).) If you cannot determine where within the Department to send your request, you may send it to the Departmental Disclosure Officer, Department of Homeland Security, Washington, DC 20528. That office will forward your request to the component(s) it believes most likely to have the records that you want. Your request will be considered received as of the date it is received by the proper component's FOIA office. For the quickest possible handling, you should mark both your request letter and the envelope "Freedom of Information Act Request."

6 C.F.R. § 5.3.

attorney's request, which was received at the NRC on October 13, 2011, included a consent signed by Toolasprashad, providing his consent to release information to Attorney Saccone. Id., ¶ 7 and at Exhibit A. The request from Attorney Saccone was given the tracking number NRC2011094997. Id., ¶ 9. This request from Attorney Saccone was the only request received by the NRC pertaining to Toolasprashad. Id., ¶ 8; see also Law Decl., ¶ 8.

On December 20, 2011, the NRC responded to request NRC2011094997, by providing 1502 pages of documents to Toolasprashad's attorney, Kurt Saccone. Eggleston Decl., ¶ 9. The NRC's response to Saccone included information on how to file an administrative appeal. Id., at Ex. C. NRC did withhold some documents by claiming exemptions under 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) . Id. Neither plaintiff Toolasprashad, nor Attorney Saccone filed an appeal regarding request NRC2011094997. Id., ¶ 11.

Further, ICE has record of only one FOIA request relating to Toolasprashad, to wit, a referral request notice from USCIS which advised ICE that during a search for records responsive to Attorney Saccone's FOIA request NRC2011094997, one-page that originated with ICE had been located. Law Decl., ¶ 9. By letter mailed on or about January 30, 2012, to Attorney Saccone, the ICE FOIA office

acknowledged receipt of the USCIS referral of records that had been sent to ICE, and on February 8, 2012, the ICE FOIA Office notified attorney Saccone that portions of the one page document referred to ICE by USCIS was being withheld. Id., ¶¶ 11, 12. In addition, the ICE FOIA Office queried its FOIA Request Tracking System and found no record of receipt of a FOIA or Privacy Act request submitted to ICE by, or on behalf of, Plaintiff Toolasprashad. Law Decl., ¶ 8.

On May 30, 2012, Toolasprashad filed the instant pro se action naming ICE as the only defendant and claiming that the government failed to respond to his June 23, 2011 letter request in a timely manner pursuant to 5 U.S.C. § 552 (a)(6)(A). Complaint, ¶ 3. Toolasprashad's Complaint also alleges that he sent a follow up letter to ICE addressed to 4250 Federal Drive, Batavia New York, which he claims was a FOIA appeal. Id., ¶ 3. In addition, Toolasprashad's Complaint alleges:

> 8. July 15, 2011, plaintiff made a FOIA/PA request to the National Records Center(NRC) for his records to be sent to Attorney Saccone.(Exhibit 5). Apparently, the NRC is the processing Center for such records. Plaintiff received no response.
>
> 9. As plaintiff received no response, on October 1, 2011, he made a FOIA/PA Appeal to the NRC (Exhibit 6), and as of this date he has received no response.

Complaint, ¶¶ 8-9. The NRC has no record of either of these two documents that plaintiff alleges were sent to the NRC. See Eggleston Decl., ¶¶ 7,8.

**ARGUMENT**

**I. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE HAS BEEN NO FOIA REQUEST PERTAINING TO TOOLASPRASHAD ADDRESSED TO DEFENDANT IMMIGRATION AND CUSTOMS ENFORCEMENT.**

**A. Governing Law**

"When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In resolving a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings, such as affidavits and other documents. See Karmen v. American Tel. & Tel Co., 791 F.2d 1006, 1011 (2d Cir. 1986). Federal court jurisdiction cannot be presumed; it "must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs., 140 F.3d at 131 (citing Norton v. Carney, 266 U.S. 511, 515 (1925)).

The United States and its agencies cannot be sued without a specific Congressional statutory grant of jurisdiction and waiver of sovereign immunity. Kulawy v. U.S., 917 F.2d 729, 733 (2d Cir.

8

1990). Thus, district courts have general jurisdiction over suits brought against an agency only if specifically authorized by statute. See Wright, Miller & Cooper, 14 Federal Practice and Procedure: Jurisdiction 2d, § 3655 (1985). When a complaint is filed requesting records pursuant to the FOIA, the district court of the United States in the district in which the complainant resides, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

Under the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The FOIA requires each agency to publish regulations setting forth the method whereby the public may request information. 5 U.S.C. § 552(a)(1). Accordingly, DHS promulgated regulations setting forth the procedures for requesting DHS records under FOIA. See 6 C.F.R. Subpart A. These regulations describe, among other things, how to make a FOIA request and a party's rights to administrative appeal. See 6 C.F.R. § 5.1 et seq. The DHS regulations provide that a FOIA

request should be sent to the FOIA office of the DHS component agency involved, or if such appropriate component office cannot be determined, then the request should be sent to the "Departmental Disclosure Officer, Department of Homeland Security, Washington, DC 20528." 6 C.F.R. § 5.3(a).

The published rules governing FOIA requests to ICE require a party requesting records to send its request to either ICE's FOIA office in Washington, D.C. or the Departmental Disclosure Officer for ICE's parent agency, the Department of Homeland Security. See 6 C.F.R. § 5.3(a). In addition, ICE has provided on its website additional guidance for submission of FOIA requests.[3] Thus, a

---

[3] At all times relevant to the Complaint, the ICE website provided the following contact information regarding FOIA requests for the USCIS and for ICE:

    U.S. Citizenship and Immigration Services
    National Records Center, FOIA/PA Office
    P.O. Box 648010
    Lee's Summit, MO 64064-8010
    FOIA Officer/Requester Service Center Contact: Jill Eggleston
    Phone: 1-800-375-5283 (USCIS National Customer Service Unit)
    Fax: 816-350-5785
    E-mail: uscis.foia@dhs.gov.

The ICE website currently directs FOIA requests be made to:

  U.S. Immigration and Customs Enforcement
  Freedom of Information Act Office
  500 12th Street, S.W., Stop 5009
  Washington, D.C. 20536-5009. The website also states:
  Requests can also be faxed to (202) 732-0660.
  Requests or questions may also be emailed to ICE-FOIA@dhs.gov.

proper request to ICE would meet the guidelines set out in 6 C.F.R. § 5.1 and on ICE's website, i.e. be directed specifically to ICE at the address provided (as per that website in 2011: U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010) or be sent to the Department of Homeland Security at the Washington, D.C. address provided. See 6 C.F.R. § 5.1; www.ice.gov.

A FOIA request that does not comply with the requirements of 5 U.S.C. § 552(a)(3) is subject to dismissal. Calhoun v. Dep't of Justice, 693 F.Supp.2d 89, 91 (D.D.C.2010)("Where a FOIA request is not made in accordance with the published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies."); Salanitro v. U.S. Office of Personnel Management, Retirement Operations Div., 2011 WL 2670076 (M.D.Fla. July 8, 2011) (A FOIA request that fails to follow the agency regulations is not a proper request); Kessler v. United States, 899 F.Supp. 644, 645(D.D.C. 1994)(If a requester fails "to follow the procedures set forth in the [agency's] regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies."). See also, McKevitt v. Mueller, 689 F. Supp. 2d 661(S.D.N.Y. 2010)(failure to comply with an agency's FOIA regulations when making a FOIA request is the equivalent of failure to exhaust).

Courts within the Second Circuit consistently require exhaustion of administrative remedies as a precondition to suit under FOIA, but there is not consensus on whether such exhaustion is jurisdictional. See Robert VIII v. Dep't of Justice, 193 Fed. Appx. 8, 9 (2d Cir.2006) (expressing uncertainty about whether failure to exhaust administrative remedies is "a jurisdictional issue"); Torres v. Department of Homeland Security, 2010 WL 4608431 (S.D.N.Y. Nov 2, 2010)(discussing Second Circuit cases); Schwarz v. Dep't of Justice, No. 10 Civ. 0562, 2010 WL 2836322 (E.D.N.Y. July 14, 2010)("failure to exhaust a[ ] FOIA claim does not affect the Court's subject matter jurisdiction," but simply provides a "jurisprudential reason" for dismissal ); Manfredonia v. SEC, 2009 WL 4505510 (E.D.N.Y. Dec.3, 2009) (declining to hold that failure to exhaust administrative remedies deprived court of subject matter jurisdiction, but dismissing unexhausted claims under Rule 12[b][6]); Dinsio v. Federal Bureau of Investigation, 445 F.Supp. 2d. 305(W.D.N.Y. 2006)(FOIA exhaustion is prudential rather than jurisdictional).

Nevertheless, FOIA's statutory language and a number of court decisions support the conclusion that exhaustion of administrative remedies is a jurisdictional prerequisite to suit in federal court. See 5 U.S.C. § 522(a) (6)(C)(i) (linking exhaustion of administrative remedies to the court's jurisdiction); see also

McMillan v. Togus Regional Office, 120 Fed. Appx. 849, 852 (2d Cir.2005) (affirming dismissal for lack of subject matter jurisdiction); Torres v. Department of Homeland Sec., 2010 WL 4608431, *4(S.D.N.Y. Nov. 2, 2010)(collecting cases and finding lack of subject matter jurisdiction); McKevitt v. Mueller, 689 F. Supp. 2d 661, 667(finding that failure to comply with an agency's FOIA regulations deprived court of jurisdiction).

**B.  The Court Lacks Jurisdiction Because Toolasprashad Is Not a Requester Within the Meaning of the FOIA and Further Has Not Exhausted Administrative Remedies**.

This Court lacks subject matter jurisdiction over Toolasprashad's Complaint. Under the FOIA, the Court has jurisdiction to compel production when records are "improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, no records have been improperly withheld in this case. A plaintiff has standing to bring a FOIA complaint in district court only after he has make a request for information that complies with the agency's published FOIA guidelines and the agency denies that request and the plaintiff pursues administrative remedies. See McKevitt, 689 F.Supp. 2d at 666.

Toolasprashad lacks standing to bring a FOIA claim against ICE because he did not file a proper FOIA request. The letter that Toolasprashad asserts that he handed to an employee of ICE while in

Immigration Court was not a sufficient request under FOIA inasmuch as the letter did not constitute a request in accordance with the agency's guidelines. See Law Decl. ¶ 6. There can be no dispute that Toolasprashad's letter request was not made in compliance with the agency's regulations See 6 C.F.R. § 5.1; Law Decl. ¶ 5. Because Toolasprashad's letter request of June 23, 2011, was not submitted in accordance with the agency's published guidelines, he lacks standing to bring a FOIA claim in district court. McKevitt, 689 F.Supp. 2d at 666. (finding plaintiff lacked standing where he failed to make a proper FOIA request.)

In other words, because Toolasprashad failed to submit a proper request and thus, never engaged the administrative process, his administrative remedies have not been exhausted and this Court does not have subject matter jurisdiction to review his claims. See Sloman v. U.S. Dept. of Justice, 832 F.Supp. 63, 65-66(S.D.N.Y. 1993)(A plaintiff must exhaust the administrative remedies prescribed in FOIA before a district court will have subject matter jurisdiction over a denied FOIA request.).

Further, neither Toolasprashad nor his attorney filed any appeal regarding the disclosure that was made in response to Request NRC2011094997. Eggleston Decl., ¶ 11. Accordingly, Toolasprashad's Complaint should be dismissed for lack of

14

jurisdiction, or alternatively for failure to state a claim based on his failure to exhaust an available administrative remedy.

### II.  THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE TOOLASPRASHAD'S CLAIM HAS BEEN RENDERED MOOT.

In October, 2011, plaintiff Toolasprashad's attorneys, acting upon Toolasprashad's written consent, filed a FOIA request with the USCIS/NRC.  Eggleston Decl., ¶ 7.  The attorney's request sought the same records that were requested in Toolasprashad's defective request to ICE.  See id.  On December 20, 2011, USCIS/NRC responded to the request with more than 1500 pages of documents. See id., Ex. C.  The USCIS/NRC response to the attorney claimed certain exemptions and also included information on how to file an appeal to challenge the disclosure.  Id. Based on the disclosure, Toolasprashad's claim that his request for the same documents to be disclosed to the same attorney, is moot.[4]

If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought.

---

[4] In addition, along with the defendant's instant motion to dismiss and supporting documents, counsel for defendant is serving Toolasprashad with a courtesy copy of the computer disc that was provided to attorney Saccone in December 2011, containing the documents disclosed in response to FOIA request NRC2011094997.

Lovell v. Alderete, 630 F.2d 428, 430-31 (5th Cir.1980). See Chilivis v. S.E.C., 673 F.2d 1205, 1209-10 (11th Cir.1982) (holding that once the agency provided access to the requested documents, the FOIA plaintiff had no legally cognizable interest in challenging an order exempting the documents from review). Inasmuch as the documents sought by Toolasprashad in this action have been disclosed to Attorney Saccone as requested in Toolasprashad's June 2011 letter to ICE, the claim asserted in his complaint has been rendered moot, and the Court thus, lacks jurisdiction over the Complaint.

When the parties have no legally cognizable interest or practical personal stake in a dispute and a court is therefore incapable of granting a judgment that will affect the legal rights as between the parties, there is mootness in the constitutional sense. See Davis v. New York, 316 F.3d 93, 99 (2d Cir. 2002) ("Under Article III, section 2 of the Constitution, federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants in the case before them.").

> Mootness can arise in many ways during the course of litigation. If, for example, the plaintiff dies or ceases to be subject to the condition that caused his deprivation before his request for prospective injunctive relief is resolved, his claims may in some circumstances become moot. See, e.g., Rhodes v. Stewart, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (where two plaintiff-prisoners sued prison authorities seeking injunction allowing them to subscribe to

> a magazine, the case was mooted by the death of one plaintiff and the release of the other).

ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 93 (2d Cir. 2007).

In circumstances such as those cited by the Second Circuit court in ABN Amro Verzekeringen and such as those presented in the instant matter where the relief that Toolasprashad has sought has already been granted, there is no longer a case or controversy within the meaning of Article III. See id.

Toolasprashad's Complaint is moot and there is no case or controversy for this Court to address in this case. Consequently, this Court must dismiss Toolasprashad's case based on the absence of subject matter jurisdiction. ABN Amro Verzekeringen, 485 F. 3d at 93, see also Preiser v. Newkirk, 422 U.S. 395, 401-404 (1975).[5]

In addition, even if the Court finds that there is jurisdiction to review Toolasprashad's claims, the Complaint fails to state a claim upon which relief can be granted, and since the

---

[5] Moreover, amendment of the Complaint here would be futile, inasmuch as the NRC disclosed records to plaintiff's attorney as plaintiff's defective request to ICE asked and no appeal was made regarding that disclosure.

precise request made in the Complaint has been fulfilled, Toolasprashad's Complaint fails on the merits.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff Toolasprashad's Complaint should be dismissed.

Dated: Buffalo, New York, July 17, 2012.

                                  Respectfully submitted,

                                  WILLIAM J. HOCHUL, JR.
                                  United States Attorney
                                  Western District of New York
                                  138 Delaware Avenue
                                  Buffalo, New York  14202

                        By:  /s/GAIL Y. MITCHELL
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  Western District of New York
                                  138 Delaware Avenue
                                  Buffalo, New York 14202
                                  (716) 843-5800 Ext. 833
                                  Gail.Y.Mitchell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LATCHMIE TOOLASPRASHAD,

        Plaintiff,

   v.                                             11-CV-0922Sc

IMMIGRATION & CUSTOMS ENFORCEMENT,

        Defendant.
_____

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2012, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM** with the Clerk of the District Court using its CM/ECF system, and I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

    LATCHMIE TOOLASPRAHAD
    #35648936
    Buffalo Federal Detention Facility
    4250 Federal Drive
    Batavia, New York 14020

                                       /s/MARQUITTA R. WHITEHEAD
                                       Legal Assistant