```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

LATCHMIE TOOLASPRASHAD,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

                v.                              11CV922A

                                                **Order**
                                             **(CORRECTED)**

IMMIGRATION AND CUSTOMS ENFORCEMENT,

                Defendant.

      Before the Court is plaintiff's pro se Objections to defendant's submission to its motion to dismiss (see Docket No. 8) and motion for costs (Docket No. 21, hereinafter "motion for costs"[1]). This Order considers the motion for costs; in a separate Report & Recommendation, this Court addresses defendant's motion to dismiss and plaintiff's responses.

      Response to the motion for costs was due by October 1, 2012, and both pending motions to dismiss and for costs initially were deemed submitted (without oral argument) on October 15, 2012 (Docket No. 24). Defendant then moved for extension of time for its response (Docket No. 25), which was granted (Docket No. 26), with responses due October 10, 2012, reply by October 25, 2012, and all motions deemed submitted (without oral argument) on October 25, 2012 (Docket No. 26). Defendant then submitted its reply (Docket No. 27).

      Plaintiff then moved for appointment of counsel (Docket No. 28) due to the lack of legal research resources at the Batavia Detention Center; this motion was granted and Eric W. Schultz,

---

[1] In support of his motion, plaintiff files his pro se Objections, Docket No. 21. In opposition, defendant submit its Reply, Docket No. 27.

Esq., was appointed to represent plaintiff (Docket No. 30; see Docket No. 29). At a status conference held on February 4, 2013, plaintiff's counsel sought additional time to respond and that request was granted; plaintiff initially had until April 5, 2013, to respond and motions then were deemed submitted (Docket No. 32). A subsequent status conference was held on March 19, 2013, and petitioner (through counsel) was given until April 19, 2013, to respond to the pending motion to dismiss (Docket No. 36)[2].

## BACKGROUND

Plaintiff, commencing this action pro se as an inmate in the Buffalo Federal Detention Center, filed this action seeking relief under 5 U.S.C. § 552, the Freedom of Information Act (or "FOIA"), and § 552a, the Privacy Act of 1974 (Docket No. 1, Compl.)[3]. Plaintiff argues that defendant is withholding records of his immigration proceedings, and he is demanding that defendant produce these records so that he could provide a defense in those proceedings (id.).

---

[2]This is corrected from a prior Order, Docket No. 37.

[3]Contemporaneous with this action, plaintiff has commenced a series of purported Habeas Corpus proceedings, challenging his detention at the Buffalo Federal Detention Facility. Toolasprashad v. Tryon, No. 11CV696; Toolasprashad v. Tryon, No. 11CV840, and later commenced a Bivens action Toolasprashad v. Tryon, No. 12CV14; see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This Court deemed these actions to be civil rights actions and consolidated them for disposition and closed these cases, Toolasprashad v. Tryon, No. 11CV696, Docket No. 10, Order at 26, and later dismissed the consolidated action without prejudice, No. 11CV696, Docket Nos. 19, 20.
  In his Complaint, plaintiff also notes that he is a disabled American veteran and, while in the Buffalo Detention Facility, he had not received appropriate medical treatment, No. 11CV922, Docket No. 1, Compl. at 3 n.3. This action does not address these alleged deprivations.
  Plaintiff, proceeding pro se, filed additional actions challenging his removal in this Court, Toolasprashad v. Tryon, No. 12CV734, and in the United States Court of Appeals for the Second Circuit, with this case transferred to this Court, Toolasprashad v. Tryon, No. 13CV74, and sued Department of Homeland Security, Immigration and Customs Enforcement officers for allegedly talking publicly about plaintiff and his proceedings, Toolasprashad v. Tryon, No. 13CV80.

On June 23, 2011, plaintiff hand-delivered his FOIA/Privacy Act request to Government counsel in immigration court requesting that his file be sent to Kurt Saccone, Esq., with a copy given to the immigration judge (id. ¶¶ 1, 2, Ex. 1). There was no response, so plaintiff filed a FOIA appeal on July 11, 2011 (id. ¶ 3, Ex. 2). On 12:15 pm that day, the unit officer delivered to plaintiff a document from Immigration and Customs Enforcement legal assistant Rachel Wilkie addressed to Saccone stating that the FOIA request should have been sent to "the Federal Communications Commission (FCC)," (id. ¶ 4, Ex. 3). The facsimile letter and attached memorandum instructed how to electronically or by mail file FOIA requests to the FCC (id. Ex. 3). Plaintiff wrote directly to Wilkie on July 12, 2011, stating that the FOIA request was made by him and not by Saccone (although plaintiff sought delivery of the records to Saccone), and that 47 C.F.R. § 0.461 (the FCC FOIA regulations) were not applicable here (id. ¶ 6, Ex. 4). Plaintiff did not get a response from Wilkie (id. ¶ 7). On July 15, 2011, plaintiff made another FOIA request, this time to the National Records Center, again to have his immigration file sent to Saccone; plaintiff again received no response to this request (id. ¶ 8, Ex. 5). Again, plaintiff appealed the inaction on his National Records Center request and there was no response to that appeal (id. ¶ 9, Ex. 6). Plaintiff contends that defendant is withholding his records (by not responding to his FOIA requests and appeals and by misdirecting one FOIA request to the wrong agency) and, by doing so, is prolonging his illegal detention (id. ¶¶ 10-11; see also id. ¶¶ 12-13 (underlying immigration matter resolved in plaintiff's favor, yet he remains detained)).

Plaintiff seeks to have defendant comply with his FOIA requests and provide plaintiff his records, and that defendant refrain from mis-directing his requests to the FCC (id. Relief Requested clauses at pages 3-4). He also seeks a declaration that his detention is illegal; that

defendant is liable for costs (id. at 4).  If deemed necessary, he also seeks appointment of counsel and a hearing (id.).

Plaintiff moved for in forma pauperis status (Docket No. 2) and for an expedited consideration (Docket No. 3).  Plaintiff was granted in forma pauperis status but was denied expedited hearing (Docket No. 4).  After defendant was given additional time to answer (Docket No. 7; see Docket No. 6), defendant filed the pending motion to dismiss (Docket No. 8).

*Plaintiff's Motion for Costs*

Alternatively, plaintiff seeks to recover from defendant the costs of bringing this action, including the filing fee and other expenses he incurred, totaling $1,590 (Docket No. 21, Pl. Objection at 3, Attach. 5 (invoice from Saccone & Dobosiewicz LLP).  Plaintiff also seeks payment of attorney's time was for consultation regarding plaintiff's pro se FOIA request, review of the response received from defendant's counsel, preparation of counsel's FOIA request and submission and resubmission of that request (id., Attach. 5).

In response, defendant argues that plaintiff failed to show a basis for jurisdiction for a FOIA request to the agency because plaintiff did not follow Department of Homeland Security's rules for requesting this material (Docket No. 27, Def. Response at 5-8).  Defendant argues that plaintiff's Objection shows that his action is moot, since he cites the efforts of Saccone to obtain this A file and Saccone had obtained that file (id. at 7-8).  Therefore, plaintiff's motion for costs also is without basis (id. at 9).  Defendant argues that plaintiff cannot argue in this FOIA action claims that he was illegally detained, that such claims are raised in at least one pending action in this Court (id. at 9-10, citing Toolasprashad v. Tryon, No. 12CV734, mistakenly cited as No. 12CV724) (see also note 2 supra (listing actions)).

4

**DISCUSSION**

Plaintiff moves for costs in commencing this action (Docket No. 21), including the filing fee (of $350) and attorneys' fees for consulting on plaintiff's initial pro se FOIA request and counsel's subsequent FOIA request (of $1,240), for a total claim of $1,590 (id., Pl. Objections at 3). Plaintiff engaged in what appears to be hybrid representation before the immigration court and with the FOIA records custodians, but cf. 28 U.S.C. § 1654 (appearance before court either personally or by counsel). While plaintiff submitted his pro se requests, his counsel Saccone also requested the same records, plaintiff's A-file.

Plaintiff cites no authority why he should recover his filing fee absent prevailing in this action or the basis for recovery of any costs if he prevailed under FOIA. Plaintiff cites this Court's Order granting leave to proceed in forma pauperis (Docket No. 4, Order of May 30, 2012, at 2) as a basis to recover costs. But that Order states that unpaid service fees would be recoverable "if this action terminates by monetary award in plaintiff's favor" (id.), see 28 U.S.C. § 1915. In other words, if plaintiff ultimately wins this case and costs for serving the defendant were incurred, plaintiff could recover those costs, including filing fees are included as recoverable costs, 28 U.S.C. § 1920; see Marks v. Calendine, 80 F.R.D. 24, 30 (N.D. W.Va. 1978). Costs that may be taxed in a bill of costs include fees of the clerk, fees of court reporter, filing fees, fees for printing and witnesses, compensation of court-appointed experts and interpreters, 28 U.S.C. § 1920.

Plaintiff has not moved for judgment in his favor (be it on the pleadings, cf. Fed. R. Civ. P. 12(c) or for summary judgment, cf. Fed. R. Civ. P. 56) to justify recovery of his filing fee and

5

other costs.  Plaintiff also fails to give authority to recover his attorneys' fees for pursuing his <u>pro se</u> FOIA request and submission of counsel's request prior to litigating.

Therefore, plaintiff's motion to recover costs is **denied**.

## CONCLUSION

For the reasons stated above (as corrected above, see at page 2) plaintiff's motion for costs (Docket No. 21) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      April 16, 2013