UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LATCHMIE TOOLASPRASHAD,

      Plaintiff,

                      **Hon. Hugh B. Scott**

     v.

                         11CV922A

                        **Report**
                        **&**
IMMIGRATION AND CUSTOMS        **Recommendation**
ENFORCEMENT,

      Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 12). The instant matter before the Court is defendant's motion to dismiss (Docket No. 8[1]).

Responses to defendant's motion to dismiss were due initially on August 15, 2012 (Docket No. 13), but plaintiff moved for extension of that schedule (Docket Nos. 16, 17; see also Docket Nos. 14, 15 (plaintiff's motions)) and that motion was granted (Docket No. 17). Plaintiff again moved for additional time to respond (Docket No. 18) which was also granted (Docket

---

[1] In support of its motion, defendant submits the Declaration of Ryan Law, deputy FOIA officer at defendant (with attachments), Docket No. 9, id. ¶ 1; the Declaration of Jill Eggleston, assistant center director in the Freedom of Information and Privacy Act (FOIA/PA) Unit, National Records Center, United States Citizenship and Immigration Services(with attachments), Docket No. 10, id. ¶ 1; Memorandum of Law, Docket No. 11; and its Reply Memorandum of Law, Docket No. 42.
  In opposition, plaintiff files his Objections, Docket No. 21, and his Memorandum of Law, through counsel, Docket No. 41.

Nos. 19, 20); responses then were due by September 22, 2012, with any reply due by October 1, 2012 (id.). Plaintiff then filed with his motion for costs (Docket No. 21) a second motion requesting that his earlier motion for extending time for his response to defendant's motion be withdrawn (Docket No. 22); this Court denied the motion to withdraw as moot (Docket No. 23). Response to the motion for costs was due by October 1, 2012, and both pending motions to dismiss and for costs then were deemed submitted (without oral argument) on October 15, 2012 (Docket No. 24). Defendant then moved for extension of time for its response (Docket No. 25), which was granted (Docket No. 26), with responses due October 10, 2012, reply by October 25, 2012, and all motions deemed submitted (without oral argument) on October 25, 2012 (Docket No. 26). Defendant then submitted its reply (Docket No. 27).

Plaintiff then moved for appointment of counsel (Docket No. 28) due to the lack of legal research resources at the Buffalo Federal Detention Center; this motion was granted and Eric W. Schultz, Esq., was appointed to represent plaintiff (Docket No. 30; see Docket No. 29). At a status conference held on February 4, 2013, plaintiff's counsel sought additional time to respond and that request was granted; plaintiff then had until April 5, 2013, to respond and motions then were deemed submitted (Docket No. 32). A further status conference was held on March 19, 2013, and plaintiff's response was reset for April 19, 2012, and any reply now was due by April 26, 2013 (Docket No. 36). Upon plaintiff's motion for further extension of time to respond (Docket No. 39), his response became due on May 3, 2013, and any reply was due by May 10, 2013 (Docket No. 40), and the motions were deemed submitted.

# BACKGROUND

Plaintiff, commencing this action pro se as an inmate in the Buffalo Federal Detention Center, filed this federal jurisdiction action seeking relief under 5 U.S.C. § 552, the Freedom of Information Act (or "FOIA"), and § 552a, the Privacy Act of 1974 (Docket No. 1, Compl.)[2]. Plaintiff argues that defendant is withholding records of his immigration proceedings and he is demanding that defendant produce these records so that he could provide a defense in those proceedings (id.).

On June 23, 2011, plaintiff hand-delivered his FOIA/Privacy Act request to Government counsel in immigration court requesting that his file be sent to Kurt Saccone, Esq., with a copy given to the immigration judge (id. ¶¶ 1, 2, Ex. 1). There was no response, so plaintiff filed a FOIA appeal on July 11, 2011 (id. ¶ 3, Ex. 2). On 12:15 pm that day, the unit officer delivered to plaintiff a document from Immigration and Customs Enforcement legal assistant Rachel Wilkie

---

[2]Contemporaneous with this action, plaintiff has commenced a series of purported Habeas Corpus proceedings, challenging his detention at the Buffalo Federal Detention Facility. Toolasprashad v. Tryon, No. 11CV696; Toolasprashad v. Tryon, No. 11CV840, and later commenced a Bivens action Toolasprashad v. Tryon, No. 12CV14; see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This Court deemed these actions to be civil rights actions and consolidated them for disposition and closed these cases, Toolasprashad v. Tryon, No. 11CV696, Docket No. 10, Order at 26, and later dismissed the consolidated action without prejudice, No. 11CV696, Docket Nos. 19, 20.

In his Complaint, plaintiff also notes that he is a disabled American veteran and, while in the Buffalo Federal Detention Facility, he had not received appropriate medical treatment, No. 11CV922, Docket No. 1, Compl. at 3 n.3. This action does not address these alleged deprivations.

Plaintiff, proceeding pro se, filed additional actions challenging his removal in this Court, Toolasprashad v. Tryon, No. 12CV734, and in the United States Court of Appeals for the Second Circuit, with this case transferred to this Court, Toolasprashad v. Tryon, No. 13CV74, which later returned to the Second Circuit, Toolasprashad v. Holder, No. 13-85. He also sued certain Department of Homeland Security, Immigration and Customs Enforcement officers for allegedly talking publicly about plaintiff and his proceedings, Toolasprashad v. Tryon, No. 13CV80.

addressed to Saccone stating that the FOIA request should have been sent to "the Federal Communications Commission (FCC)," (id. ¶ 4, Ex. 3). The facsimile letter and attached memorandum instructed how to electronically or by mail file FOIA requests to the FCC (id. Ex. 3). Plaintiff wrote directly to Wilkie on July 12, 2011, stating that the FOIA request was made by him and not by Saccone (although plaintiff sought delivery of the records to Saccone) and that 47 C.F.R. § 0.461 (the FCC FOIA regulations) were not applicable here (id. ¶ 6, Ex. 4). Plaintiff did not get a response from Wilkie (id. ¶ 7). On July 15, 2011, plaintiff made another FOIA request, this time to the National Records Center, again to have his immigration file sent to Saccone; plaintiff again received no response to this request (id. ¶ 8, Ex. 5). Again, plaintiff appealed the inaction on his National Records Center request and there was no response to that appeal (id. ¶ 9, Ex. 6). Plaintiff contends that defendant is withholding his records (by not responding to his FOIA requests and appeals and by misdirecting one FOIA request to the wrong agency) and, by doing so, is prolonging his illegal detention (id. ¶¶ 10-11; see also id. ¶¶ 12-13 (underlying immigration matter resolved in plaintiff's favor, yet he remains detained)).

Plaintiff seeks defendant's compliance with his FOIA requests and to provide plaintiff his records, and that defendant refrain from mis-directing his requests to the FCC (id. Relief Requested clauses at pages 3-4). He also seeks declarations that his detention is illegal and that defendant is liable for costs (id. at 4). If deemed necessary, he also seeks appointment of counsel and a hearing (id.).

Plaintiff moved for in forma pauperis status (Docket No. 2) and for expedited consideration (Docket No. 3). Plaintiff was granted in forma pauperis status but denied

4

expedited hearing (Docket No. 4). After defendant was given additional time to answer (Docket No. 7; see Docket No. 6), defendant filed the pending motion to dismiss (Docket No. 8).

*Defense Motion to Dismiss*

Defendant seeks dismissal of this action for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1); for failure to state a claim, under Rule 12(b)(6); alternatively, defendant seeks summary judgment in its favor (Docket No. 8, Def. Notice of Motion), pursuant to Rules 12(d) and 56, because plaintiff has introduced materials outside of the pleadings (Docket No. 11, Def. Memo. at 1-2).

The National Records Center is a division of the United States Customs and Immigration Services and is the custodian of alien files (or the "A-file") and is responsible for responding to FOIA requests regarding A-files (id. at 2 n.1). Defendant Immigration and Customs Enforcement denies that it received a proper FOIA request from plaintiff (id. at 2). Saccone made a separate FOIA request for records pertaining to plaintiff (which included a consent form signed by plaintiff) that was sent to the National Records Center (id. at 2-3, 5-; Docket No. 10, Eggleston Decl. ¶ 7, Ex. A). In response, the National Records Center produced over 1,500 pages of plaintiff's immigration file documents to Saccone (Docket No. 11, Def. Memo. at 3; Docket No. 10, Eggleston Decl. ¶ 9, Ex. C), with over 50 redacted pages produced, 65 pages withheld in full, and 55 pages of documents were referred to another Government agency for processing and response (Docket No. 10, Eggleston Decl. ¶ 9, Ex. C).

Defendant argues that, since plaintiff did not comply with the statutory requirements for his FOIA request, plaintiff lacks standing and failed to exhaust his administrative remedies. It is also argued that this Court lacks jurisdiction because the records custodian, the National Records

5

Center, was not named as the defendant. Further, because plaintiff failed to comply with FOIA requirements, he fails to state a claim upon which relief can be granted. (Docket No. 11, Def. Memo. at 3, 4; Docket No. 9, Law Decl. ¶ 5.) Plaintiff's claim has been rendered moot with the production of the A-file to Saccone (Docket No. 11, Def. Memo. at 3).

Plaintiff argues that Saccone's FOIA requests had nothing to do with plaintiff's own request (Docket No. 21, Pl. Objections at 1). Plaintiff's counsel then responded that the facts essentially were not in dispute (Docket No. 41, Pl. Memo. at 6; see Docket No. 42, Def. Reply Memo. at 2). Focusing solely upon the FOIA issues in this case (and not the underlying immigration and removal proceedings), plaintiff's counsel argues that this Court has subject matter jurisdiction over this matter (Docket No. 41, Pl. Memo. at 3, 1-2, 6-7). Counsel reviewed discovery regarding the FOIA-requested A-file at issue, noting that 1,500 pages were produced and plaintiff and his immigration counsel had not sought an administrative appeal (id. at 3-4). Counsel also notes that plaintiff sought leave to submit additional materials that counsel did not find to be germane to this proceeding (id. at 6); plaintiff's request is **denied** as this Court will not engage in hybrid representation to allow plaintiff to proceed as if he were pro se while having appointed counsel. From the records produced by defendant, plaintiff's counsel finds that plaintiff's immigration counsel was able to fashion a "substantial legal defense to the administrative removal proceedings held before the Immigration Court, and the Board of Immigration Appeals," with review of those immigration proceedings now pending before the United States Court of Appeals for the Second Circuit (id. at 5).

**DISCUSSION**

I.      Applicable Standards--Motion to Dismiss

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

"When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint," Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (Docket No. 11, Def. Memo. at 8). On a motion to dismiss for lack of subject matter jurisdiction, this Court may consider evidence outside of the pleadings, see Karmen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986) (id.).

When a party goes beyond the pleadings in response to a Rule 12 motion, under Rule 12(d) the motion to dismiss may be converted into a motion for summary judgment.

II. Plaintiff's Detention

Plaintiff in this action ostensibly seeks relief under FOIA and the Privacy Act but he is trying to challenge his continued detention at the Buffalo Federal Detention Center (e.g., Docket No. 21, Pl. Objections at 4 n.2). As defendant notes (Docket No. 27, Def. Response at 9-10) and

plaintiff's counsel concedes (see Docket No. 41, Pl. Memo. at 1-2, 6), this is a FOIA action and not a habeas proceeding or an immigration review proceeding. Plaintiff has at least one other proceeding pending which challenges the legality of his continued detention, Toolasprashad v. Tryon, No. 12CV734, as well as an immigration review pending before the Second Circuit (cf. Toolasprashad v. Tryon, No. 13CV74), and another action challenging the civil rights violations that may have occurred during his continued detention, Toolasprashad v. Tryon, 13CV80. His challenges here are on release of his immigration records via FOIA. This case should not be the vehicle to determine the legality of his detention and this form of relief sought here by plaintiff (see Docket No. 1, Compl. ¶¶ 11-12, 16, Relief Requested clauses at page 4; Docket No. 21, Pl. Objection at 3, 4) should be **denied**.

III.     FOIA

Under FOIA, each agency upon any request for records made in accordance with published rules and procedures shall make those records available, 5 U.S.C. § 552(a)(3)(A) (Docket No. 11, Def. Memo. at 9). A FOIA request that does not comply with this section is subject to dismissal (id. at 11, citing Calhoun v. Dep't of Justice, 693 F. Supp. 2d 89, 91 (D.D.C. 2010)).

Defendant raises several grounds for dismissal of this action. First, defendant contends that plaintiff failed to follow the procedure for making a FOIA request; that he did not make the request, that his counsel, Saccone did, and thus plaintiff lacks standing; that he made his direct request to the wrong agency; that he sued the wrong defendant agency (Immigration and Customs Enforcement rather than United States Immigration Service or the National Records Center, the record repositories); that plaintiff failed to exhaust his administrative remedies under FOIA and

9

the National Records Center's administrative procedures (Docket No. 11, Def. Memo. at 2-3, 13-15; Docket No. 42, Def. Reply Memo. at 2-3). But the most compelling reason for dismissal here is **mootness** (Docket No. 11, Def. Memo. at 3, 15-18; see also Docket No. 27, Def. Response at 7-8). Plaintiff, in his direct request, wanted his A-file delivered to his immigration counsel, Saccone. Meanwhile, Saccone made his own FOIA request for plaintiff's A-file and apparently received it. This receipt is confirmed by plaintiff's counsel's response that immigration counsel had the documents necessary from the A-file to challenge plaintiff's removal through immigration and the courts (see Docket No. 41, Pl. Memo. at 3-4). There is no indication in this record that Saccone either did not receive it or objected to the redacted pages or pages not produced from the National Records Center. Despite Saccone's disclaimer on July 20, 2011, that his office did not make a FOIA request but plaintiff did (Docket No. 21, Attach. 2), Saccone did make such a request on plaintiff's behalf (with plaintiff signing the consent to release those records) on August 5, 2011 (Docket No. 10, Eggleston Decl. Ex. A). Plaintiff concedes in his objection that Saccone made a FOIA request by September 21, 2011 (Docket No. 21, Pl. Objections at 2). Plaintiff's complaint then shifts to suggest that these requests by Saccone were days later while his request apparently was not addressed (id.). Plaintiff is not contending that he has not seen this A-file or that Saccone never received it on Saccone's FOIA request. Nor is it clear that plaintiff is contending that the file produced through his (or counsel's) FOIA request was incomplete.

In addition, plaintiff sought FOIA relief from the wrong agency and that error was compounded by the agency referring to a third (also erroneous) agency (the FCC) as the proper custodian and then by ignoring the request. But plaintiff ultimately obtained the relief of

10

obtaining production of the immigration file by his counsel's FOIA request to the appropriate agency. Plaintiff now maintains his action as a result of the runaround he received when his pro se FOIA request was ignored or misguided. The first form of relief plaintiff now seeks is compliance with FOIA and the Privacy Act and production of the documents sought (see Docket No. 1, Compl., Relief Requested at 3). That production has occurred and was made to the person who ultimately receive it, Saccone. Plaintiff's present FOIA action is moot. Thus, defendant's motion to dismiss or converted to a motion for summary judgment (Docket No. 8) should be **granted** and this action dismissed.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion (Docket No. 8) to dismiss (or converted to a summary judgment, given reliance upon papers outside of the pleadings) be **granted** and this action **dismissed**.

Plaintiff's request to submit additional materials in opposition to defendant's motion beyond his attorney's submission (see Docket No. 41, Pl. Memo. at 6) is **denied**. Plaintiff's apparent motion (see Docket No. 21) for declaratory judgment that he ought to be released **should be denied and not decided in this action** given the pending actions which directly contest his detention, see Toolasprashad v. Tryon, No. 12CV734, as well as the review of the immigration proceedings now pending before the Second Circuit, Toolasprashad v. Holder, No. 13-85 (see Docket No. 42, Def. Reply Memo. Addendum).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
 May 14, 2013